IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

v.

Case No.:  22-cr-106-jdp

RAJIIV DAVID ISREE,

Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM

INTRODUCTION

Rajiiv Isree sexually assaulted a fifteen-year-old girl and recorded himself doing so. He was convicted of distributing child pornography and has asked this Court to sentence him to five years in prison, the mandatory minimum for this offense. (R. 29). The advisory sentencing guidelines range is 210 to 262 months, and the statutory maximum penalty is 20 years. For the reasons below, this case is not one where the mandatory minimum for distributing child pornography meets the goals of sentencing. Based on the nature of the offense and the defendant's history and characteristics, the government requests a sentence of 210 months.

FACTS

Minor A met the defendant at the Kalahari Resort when she was 15 years old. He blew her a kiss and gave her his contact information. (R. 27, ¶ 9). She spoke to him

again later that day and told him she was 15. (Id., ¶ 10). He lied to her and said he was 19. She later found out his true age – 30.

They engaged in sexual conversation over SnapChat a few days later. The victim told the defendant about her "first time" and, despite knowing she was only 15, the defendant said, "I can do better than that." (Id., 10).

A few days later, after a fight with her father, the victim went to the Kalahari to hang out with the defendant. (R. 27, ¶ 11). While she initially turned on the television, he told her that "she was talking all this shit" and to take off her clothes. (Id.). He then sexually assaulted her, both vaginally and orally. At some point during the conduct, he began recording it with his cell phone. He later sent a video of the assault to the victim. Before the victim left, they engaged in sexual activity a second time.

When they saw a police car outside the apartment, the defendant told the victim she could not be seen leaving his apartment and wouldn't let her leave until the police were gone. (R. 27, ¶ 11). He also told her not to tell anyone about the conduct. (Id., ¶ 13).

A few days later, she learned the defendant's true age. (R. 27, ¶ 12). While she did not tell him to stop during the incident, she almost had a panic attack and "stopped feeling ok with what happened" when she learned his true age. (Id., ¶ 12).

Police later found one of the videos of the sexual assault on the victim's phone. They also found three videos and multiple still images of the defendant with his penis in the victim's mouth on the defendant's phone. When questioned about the victim, he lied to police and denied any sexual contact with her. (R. 27, ¶ 23).

ARGUMENT

A.      Nature and Circumstance of the Offense

The defendant, then 30 years old, engaged in sexual conduct with a girl he knew to be half his age.  While this Court often questions the value of the sentencing guidelines for child exploitation offenses, in this case they can be useful to show why the mandatory minimum sentence is not warranted and a sentence of 210 months is.

First, the defendant sexually assaulted the victim and filmed himself doing so. He then sent a video he produced to the victim and kept additional videos and still images from the videos, on his own phone.  He did not merely distribute images of an unknown victim he obtained over the internet.  Accordingly, the guidelines were calculated based on the defendant's conduct – using a minor to produce child pornography – not his offense of conviction.

Second, the applicable sentencing enhancements further demonstrate that the mandatory minimum sentence is too low in this case.  The defendant was aware of the victim's age, and his guidelines were increased because she was only 15.

The guidelines were further increased because the offense involved the commission of a sexual act.  This was not a case of virtual production.  The defendant sexually assaulted the victim.

Finally, the defendant received a guidelines enhancement for misrepresenting his age to the victim.  He told her he was 19.  It was this fact that seemed to cause the victim the most distress.  She reported "nearly having a panic attack" when she learned he was not 19 but was instead 30 years old.  And while the defendant denies lying to the victim

about his age, she has been consistent in her reports that he did. She told the police he lied about his age and there were messages on her phone dated before she spoke to the police telling friends that the defendant lied to her about his age. She also reported that it was learning his age that made her realize that she had been sexually assaulted. (R. 27, ¶ 12).

All these enhancements are aggravating factors and demonstrate that the mandatory minimum sentence is not appropriate in this case.

B.      History and Characteristics of the Defendant

Many defendants convicted of crimes against children have no criminal history. But this defendant has an arrest for domestic violence in which a child was involved, and a conviction for contacting the victim after being arrested for that offense. (R. 27, ¶ ¶ 49, 53). Additionally, he was in the country illegally, after overstaying his visa.[1]

He knew having sex with the victim was wrong, as demonstrated by the fact that he did not want the police to see the victim leaving his home, told her not to tell anybody, and denied it when questioned by law enforcement. Yet he did it anyway. And when questioned about the conduct, not only did he deny it, but he also called the victim hypersexual.

The defendant is also a liar. He lied to probation, reporting he had a green card, when in fact, he was a "B-2 overstay." He lied to the police when he was questioned.

---

[1] For this reason, the defendant's argument about deportation being an extreme collateral consequence is a non-starter. He should not have been here in the first place and the fact that he will now be deported, to a place where his close family still lives, is not an additional penalty.

In addition to lying to the police, he lied to the victim about his age.  Based upon the victim's reaction upon learning his true age, it is possible that this lie is the reason the defendant is before the Court today.  Had he told the victim his true age, it's likely she would not have reached out to him when she was upset.

CONCLUSION

For the above reasons, the government respectfully recommends that this Court sentence the defendant to 210 months in prison to be followed by 20 years of supervised release in the event he is not deported.  Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Dated this 20th day of November 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
 United States Attorney

By:      /s/
ELIZABETH ALTMAN
Assistant United States Attorney